JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHOLEKA HILL and CHARLES FULKNER, w/h

**DEFENDANTS**
7-Eleven, Inc. (also incorrectly identified as 7-Eleven)

**(b)** County of Residence of First Listed Plaintiff     Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas County, TX
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert N. Braker, Esquire
Michael A. Pileggi, Esquire
Saltz Mongeluzzi & Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street, Philadelphia, PA 19103

Attorneys *(If Known)*
Robert W. Stanko, Esquire
Andrew C. Goldstein, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ◻ 1 | U.S. Government<br>Plaintiff | ◻ 3 | Federal Question<br>*(U.S. Government Not a Party)* |
| ◻ 2 | U.S. Government<br>Defendant | X 4 | Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X | 1 | Incorporated *or* Principal Place<br>of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place<br>of Business In Another State | 5 | X |
| Citizen or Subject of a<br>Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ◻ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ◻ 625 Drug Related Seizure | ◻ 422 Appeal 28 USC 158 | ◻ 375 False Claims Act |
| ◻ 120 Marine | ◻ 310 Airplane | ◻ 365 Personal Injury - | of Property 21 USC 881 | ◻ 423 Withdrawal | ◻ 376 Qui Tam (31 USC |
| ◻ 130 Miller Act | ◻ 315 Airplane Product | Product Liability | ◻ 690 Other | 28 USC 157 | 3729(a)) |
| ◻ 140 Negotiable Instrument | Liability | ◻ 367 Health Care/ | | | ◻ 400 State Reapportionment |
| ◻ 150 Recovery of Overpayment | ◻ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ◻ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ◻ 820 Copyrights | ◻ 430 Banks and Banking |
| ◻ 151 Medicare Act | ◻ 330 Federal Employers' | Product Liability | | ◻ 830 Patent | ◻ 450 Commerce |
| ◻ 152 Recovery of Defaulted | Liability | ◻ 368 Asbestos Personal | | ◻ 835 Patent - Abbreviated | ◻ 460 Deportation |
| Student Loans | ◻ 340 Marine | Injury Product | | New Drug Application | ◻ 470 Racketeer Influenced and |
| (Excludes Veterans) | ◻ 345 Marine Product | Liability | | ◻ 840 Trademark | Corrupt Organizations |
| ◻ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ◻ 480 Consumer Credit |
| of Veteran's Benefits | ◻ 350 Motor Vehicle | ◻ 370 Other Fraud | ◻ 710 Fair Labor Standards | ◻ 861 HIA (1395ff) | ◻ 490 Cable/Sat TV |
| ◻ 160 Stockholders' Suits | ◻ 355 Motor Vehicle | ◻ 371 Truth in Lending | Act | ◻ 862 Black Lung (923) | ◻ 850 Securities/Commodities/ |
| ◻ 190 Other Contract | Product Liability | ◻ 380 Other Personal | ◻ 720 Labor/Management | ◻ 863 DIWC/DIWW (405(g)) | Exchange |
| ◻ 195 Contract Product Liability | X 360 Other Personal | Property Damage | Relations | ◻ 864 SSID Title XVI | ◻ 890 Other Statutory Actions |
| ◻ 196 Franchise | Injury | ◻ 385 Property Damage | ◻ 740 Railway Labor Act | ◻ 865 RSI (405(g)) | ◻ 891 Agricultural Acts |
| | ◻ 362 Personal Injury - | Product Liability | ◻ 751 Family and Medical | | ◻ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ◻ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ◻ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ◻ 210 Land Condemnation | ◻ 440 Other Civil Rights | **Habeas Corpus:** | ◻ 791 Employee Retirement | ◻ 870 Taxes (U.S. Plaintiff | ◻ 896 Arbitration |
| ◻ 220 Foreclosure | ◻ 441 Voting | ◻ 463 Alien Detainee | Income Security Act | or Defendant) | ◻ 899 Administrative Procedure |
| ◻ 230 Rent Lease & Ejectment | ◻ 442 Employment | ◻ 510 Motions to Vacate | | ◻ 871 IRS—Third Party | Act/Review or Appeal of |
| ◻ 240 Torts to Land | ◻ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ◻ 245 Tort Product Liability | Accommodations | ◻ 530 General | | | ◻ 950 Constitutionality of |
| ◻ 290 All Other Real Property | ◻ 445 Amer. w/Disabilities - | ◻ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ◻ 462 Naturalization Application | | |
| | ◻ 446 Amer. w/Disabilities - | ◻ 540 Mandamus & Other | ◻ 465 Other Immigration | | |
| | Other | ◻ 550 Civil Rights | Actions | | |
| | ◻ 448 Education | ◻ 555 Prison Condition | | | |
| | | ◻ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ◻ 1 Original<br>Proceeding | X 2 Removed from<br>State Court | ◻ 3 Remanded from<br>Appellate Court | ◻ 4 Reinstated or<br>Reopened | ◻ 5 Transferred from<br>Another District<br>*(specify)* | ◻ 6 Multidistrict<br>Litigation -<br>Transfer      ◻ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a), 1441(a), 1446
Brief description of cause:
Plaintiff alleges various injuries as a result of an alleged slip and fall incident.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.
**DEMAND $** Excess of
CHECK YES only if demanded in complaint:
**JURY DEMAND:**    x Yes    ___ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 5/12/2022 | |

**FOR OFFICE USE ONLY**

RECEIPT #_____    AMOUNT_____    APPLYING IFP_____    JUDGE_____    MAG. JUDGE_____

### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

**The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:**

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.**

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction. Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.**

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____1951 N. Croskey Street, Philadelphia, PA 19121_____

Address of Defendant: _____3200 Hackberry Road, Irving, Texas 75063_____

Place of Accident, Incident or Transaction: _____3300 Aramingo Avenue, Philadelphia, PA 19134_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                              Yes [ ]     No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                    Yes [ ]     No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?         Yes [ ]     No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                                        Yes [ ]     No [ ]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5 / 12 / 2022 _____          315412
                                    *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.     Federal Question Cases:**

- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [ ] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
       *(Please specify):* _____

**B.     Diversity Jurisdiction Cases:**

- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [✓] 6. Other Personal Injury *(Please specify):* premises liability
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record or pro se plaintiff, do hereby certify:

- [ ] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- [ ] Relief other than monetary damages is sought.

DATE: _____          _____          _____
                                    *Attorney-at-Law / Pro Se Plaintiff*                    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHOLEKA HILL and | : | CIVIL ACTION |
| CHARLES FULKNER, w/h | : | |
| | : | |
| v. | : | |
| | : | NO. |
| 7-ELEVEN, INC. and | : | |
| 7-ELEVEN and | : | |
| JOHN DOE (1-2) | : | |

## <u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendant, 7-Eleven, Inc. (also incorrectly identified as 7-Eleven), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files the instant Notice of Removal of a certain action pending in the Philadelphia Court of Common Pleas, and in support thereof states as follows:

1.      7-Eleven, Inc. is named as a defendant in an action captioned <u>Sholeka Hill and Charles Fulkner, w/h v. 7-Eleven, Inc. and 7-Eleven</u>, Case ID 220400655, which is pending in the Philadelphia Court of Common Pleas (hereinafter, the "State Court"). A true and correct copy of Plaintiffs' Civil Action Complaint is attached hereto as Exhibit "A."

2.      Plaintiffs' Complaint names 7-Eleven, Inc. and "7-Eleven" as defendants.

3.      7-Eleven is a fictitious name and is not a business entity.

4.      Accordingly, 7-Eleven, Inc. entered its appearance in State Court as follows: "7-Eleven, Inc. (also incorrectly identified as 7-Eleven)."  A true and correct copy of the Entry of Appearance is attached hereto as Exhibit "B."

5.     Indeed, Plaintiffs allege in the Complaint that: "Defendant, 7-Eleven, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, and which at all times relevant hereto, engaged in regular, systematic, continuous and substantial business within Philadelphia County with its principal place of business located at 3300 Aramingo Avenue, Philadelphia, PA 19134." *See* Ex. A, ¶4.

6.     A search of the Pennsylvania Department of State website confirms that no such entity exists. *See* Ex. C.

7.     Thus, the only proper defendant in the instant action is 7-Eleven, Inc.

8.     7-Eleven, Inc. received the Complaint in the State Court action on April 15, 2022, via regular mail. A true and correct copy of Plaintiffs' cover letter, along with confirmation of receipt, is attached hereto as Exhibit "D."[1]

9.     In accordance with 28 U.S.C. §1446(a), the foregoing Complaint is, upon information and belief, the only process, pleading, or order in the State Court action served upon 7-Eleven, Inc. Docket entries from the State Court action are attached hereto as Exhibit "E."

10.     7-Eleven, Inc. desires to remove this action to this Court and submits this Notice along with the exhibits, in accordance with 28 U.S.C. §§1332, 1441 and 1446.

11.     In accordance with 28 U.S.C. §1446(b), this Notice of Removal is timely as it is filed within thirty (30) days of receipt of the Complaint. *See* Ex. D; *Delalla v. Hanover Ins.*, 660 F.3d 180 (3d Cir. 2011).

12.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a) because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

---

[1] Plaintiffs have not yet filed an Affidavit of Service.

2

13.     Plaintiffs, Sholeka Hill and Charles Fulkner, are, upon information and belief based on their address in Philadelphia, Pennsylvania as set forth in the Complaint, citizens of Pennsylvania.  *See* Ex. A, at ¶1, 2.

14.     7-Eleven, Inc. is a corporation organized and existing under the laws of the Sate of Texas with its principal place of business located at 3200 Hackberry Road, Irving, TX 75063. It is, therefore, a citizen of Texas.

15.     Plaintiff, Sholeka Hill, alleges various "serious, disabling and permanent personal injuries: she sustained a right foot cuboid fracture; she sustained a right foot navicular fracture; she suffered posttraumatic right ankle arthritis; she suffered right subtalar joint arthritis; she suffered right ankle instability; she underwent surgery in the form of a right ankle arthroscopy, lateral ankle stabilization, and ORIF of navicular and cuboid fracture on October 9, 2020 . . . ." *See* Ex. A, ¶12.  Plaintiff, Charles Fulkner, asserts a claim for loss of consortium. Plaintiffs allege damages in excess of $50,000.00, but do not specify an amount of damages sought.  Plaintiffs expressly rejected a proposed stipulation that their alleged damages at issue were $75,000.00 or less.  Therefore, the amount in controversy exceeds $75,000.00.

16.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2)(A) (providing that the notice of removal may assert the amount in controversy if the complaint demands relief in excess of an amount pled).

17.     Removal to this Court is proper under 28 U.S.C. 1441(a) because the State Court is located within the boundaries of the United States District Court for the Eastern District of Pennsylvania.

18.     Written notice of the filing of this Notice of Removal will be provided to

Plaintiffs, and a copy of this Notice of Removal and supporting papers will be filed with the

Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, 7-Eleven, Inc. (also incorrectly identified as 7-Eleven),

prays that the above-described action pending against it in State Court be removed to this Court.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____

Robert W. Stanko, Esquire
Andrew C. Goldstein, Esquire
Attorneys for Defendant,
7-Eleven, Inc. (also incorrectly
identified as 7-Eleven)

Dated:  May 12, 2022

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHOLEKA HILL and | : | CIVIL ACTION |
| CHARLES FULKNER, w/h | : | |
| | : | |
| v. | : | |
| | : | NO. |
| 7-ELEVEN, INC. and | : | |
| 7-ELEVEN and | : | |
| JOHN DOE (1-2) | : | |

## A F F I D A V I T

**ANDREW C. GOLDSTEIN, ESQUIRE,** being duly sworn according to law deposes

and states that the facts set forth in the foregoing Notice of Removal are true and correct to the

best of his knowledge, information, and belief.

_____
**ANDREW C. GOLDSTEIN, ESQUIRE**

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _____ DAY
OF _____, 2022

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Audrey M. Gaffney, Notary Public
Philadelphia County
My commission expires July 01, 2022
Commission number 1224778

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served upon all persons listed below a true and correct copy of the foregoing Notice of Removal, in the above-captioned matter on this date by the Court's electronic filing system:

Robert N. Braker, Esquire
Michael A. Pileggi, Esquire
Saltz Mongeluzzi & Bendesky, P.C.
One Liberty Place, 52nd Floor
1650 Market Street
Philadelphia, PA 19103

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
Robert W. Stanko, Esquire
Andrew C. Goldstein, Esquire
Attorneys for Defendant,
7-Eleven, Inc. (also incorrectly
identified as 7-Eleven)

Dated: __May 12, 2022__

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2022**

E-Filing Number: 2204016050

**000655**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| SHOLEKA HILL | 7-ELEVEN, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1951 N. CROSKEY STREET<br>PHILADELPHIA PA 19121 | 3200 HACKBERRY ROAD<br>IRVING TX 75063 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHARLES FULKNER | 7-ELEVEN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1951 N. CROSKEY STREET<br>PHILADELPHIA PA 19121 | 3300 ARAMINGO AVENUE<br>PHILADELPHIA PA 19134 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | JOHN DOE (1-2) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | N/A<br>N/A PA N/A |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 2 | 3 | [X] Complaint<br>[ ] Writ of Summons | [ ] Petition Action<br>[ ] Transfer From Other Jurisdictions | [ ] Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

| CASE TYPE AND CODE |
|---|
| 2S - PREMISES LIABILITY, SLIP/FALL |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br><br>APR **08** 2022<br><br>**S. RICE** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>SHOLEKA HILL , CHARLES FULKNER</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL A. PILEGGI | 1650 MARKET STREET<br>52ND FLOOR<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 320569 | mpileggi@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MICHAEL PILEGGI* | Friday, April 08, 2022, 10:01 am |

FINAL COPY (Approved by the Prothonotary Clerk)

THIS IS NOT AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES HEARING *Filed and Attested by the*
REQUIRED. *Office of Judicial Records*
*08 APR 2022 10:01 am*
*S. RICE*

**SALTZ MONGELUZZI & BENDESKY P.C.**
BY: ROBERT N. BRAKER/MICHAEL A. PILEGGI
IDENTIFICATION NOS. 62583/320569        ATTORNEYS FOR PLAINTIFFS
1650 MARKET STREET
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
P: (215) 496-8282 / F: (215) 496-0999

| | |
|---|---|
| **SHOLEKA HILL and CHARLES FULKNER, w/h**<br>1951 N. Croskey St<br>Philadelphia, PA 19121<br><br>*Plaintiffs,*<br><br>v.<br><br>**7-ELEVEN, INC.**<br>3200 Hackberry Road<br>Irving, TX 75063<br><br>AND<br><br>**7-ELEVEN**<br>3300 Aramingo Avenue<br>Philadelphia, PA 19134<br><br>AND<br><br>**JOHN DOE (1-2)**<br>*Defendants.* | **PHILADELPHIA COUNTY COURT OF COMMON PLEAS CIVIL DIVISION**<br><br><br>TERM, 2022<br><br>No.:<br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO PLEAD

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.
IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701

AVISO

Le han demandado en corte. Si usted quiere defenderse contra las demandas nombradas en las páginas siguientes, tiene veinte (20) días, a partir de recibir esta demanda y la notificatión para entablar personalmente o por un abogado una comparecencia escrita y tambien para entablar con la corte en forma escrita sus defensas y objeciones a las demandas contra usted. Sea avisado que si usted no se defiende, el caso puede continuar sin usted y la corte puede incorporar un juicio contra usted sin previo aviso para conseguir el dinero demandado en el pleito o para conseguir culquier otra demanda o alivio solicitados por el demandante. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE ABOGADO (O NO TIENE DINERO SUFICIENTE PARA PARGAR A UN ABOGADO), VAYA EN PERSONA O LLAME POR TELEFONO LA OFICINA NOMBRADA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASSISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO.

SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701

## COMPLAINT

Plaintiffs, Sholeka Hill and Charles Fulkner, w/h, claim of Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), jointly and severally, separate sums in excess of $50,000.00 in damages wherein the following are true statements:

1. Plaintiff, Sholeka Hill, is an adult individual, citizen of Pennsylvania, who resides at 1951 N. Croskey Street, Philadelphia, PA 19121.

2. Plaintiff, Charles Fulkner, is an adult individual, citizen of Pennsylvania, who resides at 1951 N. Croskey Street, Philadelphia, PA 19121.

3. Defendant, 7-Eleven, Inc. is a business entity organized and existing under the laws of Texas and which at all times relevant hereto, engaged in regular, systematic, continuous and substantial business within Philadelphia County with its principal place of business located at 3200 Hackberry Road, Irving, Texas 75063.

4. Defendant, 7-Eleven, is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania, and which at all times relevant hereto, engaged in regular,

systematic, continuous and substantial business within Philadelphia County with its principal place of business located at 3300 Aramingo Avenue, Philadelphia, PA 19134.

5. Defendant, John Doe (1-2), is an unknown individual, manager, company, controller, franchise, franchisor/franchisee, and/or owner of the property and convenience store known as 7-Eleven located at 3300 Aramingo Avenue, Philadelphia, PA 19134, hereinafter referred to as the "the premises" at the times referenced herein, who Plaintiffs could not identify despite a reasonable search.

6. At all times mentioned herein and material hereto, Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), owned, managed, maintained, operated and controlled the property including the interior of the premises located at 3300 Aramingo Avenue, Philadelphia, PA 19134.

7. On August 7, 2020, Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), by and through their employees and/or agents were responsible for the proper maintenance and/or removal of any and all hazardous conditions located on and within the premises.

8. At the aforesaid time and place, Defendants' employees and/or agents, acting within the course of their employment and scope of their authority, caused there to be and allowed there to remain, for a substantial period of time, a pool of liquid on the floor of the premises, and the aforesaid floor was left in a dangerously wet and slippery condition.

9. At the aforesaid time and place, Plaintiff, Sholeka Hill, was lawfully and properly a business invitee to the premises, and while walking on the aforesaid floor, was caused to slip and fall on the slick and slippery liquid condition and to suffer those serious and permanent injuries more specifically set forth hereinafter.

## COUNT I
## NEGLIGENCE
## SHOLEKA HILL v. ALL DEFENDANTS

10.     Plaintiffs incorporate by reference all the preceding paragraphs as if fully set forth

herein.

11.     Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), by and through their

separate and respective agents, employees, servants and/or workers, acting within the course of

their employment and scope of their authority, were careless and negligent in:

a.      Leaving the floor in a dangerously wet and slippery condition;

b.      Creating a dangerously wet and slippery condition on the floor;

c.      Failing to cordon off the wet area of the floor;

d.      Failing to maintain the floor of the premises in a proper and safe
        condition;

e.      Allowing the floor to remain in a slippery condition for an extended period
        of time;

f.      Failing to warn individuals, including Plaintiff, of the dangerous and
        slippery nature of the floor;

g.      Failing to safely cordon off and/or use appropriately sized non-skid mats
        or other devises to make safe the area where a dangerous, slippery
        condition had accumulated;

h.      Allowing a danger to exist which Defendants knew or should have known
        would cause injuries to others, including Plaintiff;

i.      Failing to utilize appropriate warning signs/devices to alert individuals,
        including Plaintiff, of the dangerous condition that existed on said
        premises;

j.      Failing to take proper action to clean up the dangerous, slippery condition
        that existed on said premises prior to Plaintiff's fall despite their
        knowledge of the condition;

k.      Failing to maintain the aforementioned premises reasonably safe for
        persons such as Plaintiff;

l.       Failing to utilize a floor with non-slip properties;

m.      Failing to have proper policies and procedures in place pertaining to cleanup/removal of liquid on the premises which would have prevented harm to business invitees, including Plaintiff; and

n.       Failing to exercise reasonable care under the circumstances.


12.     By reason of the carelessness and negligence of Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), as aforesaid, by and through their separate and respective agents, employees, servants and/or workers, Plaintiff, Sholeka Hill, was caused to sustain serious, disabling and permanent personal injuries: she sustained a right foot cuboid fracture; she sustained a right foot navicular fracture; she suffered posttraumatic right ankle arthritis; she suffered right subtalar joint arthritis; she suffered right ankle instability; she underwent surgery in the form of a right ankle arthroscopy, subtalar joint arthrotomy, lateral ankle stabilization, and ORIF of navicular and cuboid fracture on October 9, 2020; she sustained scarring; she sustained an acute lumbosacral sprain/strain; she sustained a right knee sprain/strain and contusion; she sustained injury and pain to her left knee; she sustained a sprain/strain of her thoracic spine; she has suffered extreme pain in her foot, ankle, both knees, and lumbar and thoracic spine;  she has been required to undergo extensive physical therapy; she has sustained further injury to the bones, muscles, nerves and ligaments of her body, the full extent of which have yet to be determined; she sustained other injuries to her nerves and nervous system; she sustained other orthopedic, neurologic and psychological injuries, the full extent of which has yet to be determined; she has in the past been required and may in the future continue to be required to submit to x-rays, EMGs, MRIs, and other diagnostic studies; she has in the past suffered and may in the future continue to suffer agonizing aches, pains, and mental anguish; she has in the past and may in the future continue to endure pain and suffering; she has in the past and may in the future continue to be disabled from performing

her usual duties, occupations and avocations, all to her great loss and detriment; she has suffered a significant loss of life's pleasures; she has suffered from severe embarrassment and humiliation; she has incurred and will likely continue to incur medical bills indefinitely into the future.

13. By the reason of the carelessness and negligence of Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), as aforesaid, Plaintiff, Sholeka Hill, has incurred various expenses, including medical expenses and bills, Plaintiff may be obligated to continue to expend monies and incur further obligations for her medical care and treatment, for an indefinite period of time in the future.

14. Plaintiff, Sholeka Hill, has sustained and makes claim for pain and suffering, loss of physical function, physical, mental and psychological injuries, humiliation and embarrassment, permanent scarring, loss of life's pleasures, loss of past earnings and future earning capacity and any and all other damages to which she is entitled or may be entitled under the laws of the Commonwealth of Pennsylvania.

WHEREFORE, Plaintiff, Sholeka Hill, claims of Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), jointly and severally, separate sums in excess of $50,000.00 in damages and brings this action to recover same.

## COUNT II
## CHARLES FULKNER v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

15. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

16. At all times relevant hereto, Plaintiff, Charles Fulkner, was the lawfully wedded husband of Plaintiff, Sholeka Hill.

17.    As a result of the injuries sustained by Plaintiff, Sholeka Hill, Plaintiff, Charles Fulkner, has been and will continue to be deprived of the love, assistance, companionship, consortium and society of his wife, Plaintiff, Sholeka Hill, all to his great detriment and loss.

WHEREFORE, Plaintiff, Charles Fulkner, claims of Defendants, 7-Eleven, Inc. 7-Eleven, and John Doe (1-2), jointly and severally, separate sums in excess of $50,000, and brings this action to recover same.

SALTZ MONGELUZZI & BENDESKY P.C.

By:    _____
       ROBERT N. BRAKER, ESQUIRE
       MICHAEL A. PILEGGI, ESQUIRE
       Attorneys for Plaintiffs

## **VERIFICATION**

We, Sholeka Hill and Charles Fulkner, have read the contents of the Complaint. We verify that the contents are true and correct to the best of our knowledge, information and belief. We understand that this verification is made pursuant to 42 Pa.C.S. § 4904 (relating to unsworn falsification to authorities).

4/7/2022

Date: _____

DocuSigned by:

Sholeka Hill

338D153BC4CB43F...

SHOLEKA HILL

4/7/2022

Date: _____

Charles Faulkner

338D153BC4CB43F...

CHARLES FULKNER

# EXHIBIT "B"

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
BY:    Robert W. Stanko, Esquire
Identification No.: 208830
BY:    Andrew C. Goldstein, Esquire          Attorneys for Defendant,
Identification No.: 315412                   7-Eleven, Inc. (also incorrectly
2000 Market Street, Suite 2300               identified as 7-Eleven)
Philadelphia PA  19103
(215) 575-2600

*Filed and Attested by the*
*Office of Judicial Records*
*03 MAY 2022 10:38 am*
*R. SCHREIBER*

| | |
|---|---|
| SHOLEKA HILL and | : COURT OF COMMON PLEAS |
| CHARLES FULKNER, w/h | : PHILADELPHIA COUNTY |
| | : |
| v. | : APRIL TERM, 2022 |
| | : |
| 7-ELEVEN, INC. and | : NO. 00655 |
| 7-ELEVEN and | : |
| JOHN DOE (1-2) | : <u>JURY TRIAL DEMANDED</u> |

<u>**ENTRY OF APPEARANCE**</u>

TO THE PROTHONOTARY:

    Kindly enter our appearance on behalf of Defendant, 7-Eleven, Inc. (also incorrectly

identified as 7-Eleven), in the above-captioned matter.

                **MARSHALL, DENNEHEY, WARNER,**
                **COLEMAN & GOGGIN**

                By:_____
                      Robert W. Stanko, Esquire
                      Andrew C. Goldstein, Esquire
                      Attorneys for Defendant,
                      7-Eleven, Inc. (also incorrectly
                      identified as 7-Eleven)

DATE:  May 3, 2022

LEGAL/145974989.v1

# EXHIBIT "C"

Corporations ▾     Search Business Entities (corpsearch.aspx)     Search UCC Transactions (uccsearch.aspx)

Forms ▾     Contact Corporations (http://www.dos.pa.gov/BusinessCharities/Pages/default.aspx)

Login (https://hub.business.pa.gov/login)

Search entity / **Select entity** / Order documents

# Select Business Entity

Search Results for term *7-eleven* type: *Starting with*

Show [10 ▾] entries          Filter Records 🖉 [                    ]

| Business Entity Name | Name Type | Address | Entity Number | Entity Type | Status | Citizenship |
|---|---|---|---|---|---|---|
| 7 - ELEVEN FOOD STORES, INC. | Current Name | 123 S BROAD ST C/O C T CORP SYS PHILADELPHIA Philadelphia PA 19109-0 | 324888 | Business Corporation | Withdrawn - CONSOLIDATED INACTIVE | Foreign |
| 7-ELEVEN | Current Name | 191 MICKLEY RD 1116-17073A WHITEHALL Lehigh PA 18104-0 | 2455474 | Fictitious Names | Active | Domestic |
| 7-ELEVEN #21584 | Current Name | 18 E HINCKLEY AVE RIDLEY PARK Delaware PA 19078- | 3306960 | Fictitious Names | Active | Domestic |
| 7-ELEVEN DELAWARE VALLEY FRANCHISE OWNERS ASSOCIATION | Current Name | 1621 TWO PENN CENTER PLZ PHILA Philadelphia PA 19102-0 | 659844 | Non-Profit (Non Stock) | Active | Domestic |

| Business Entity Name | Name Type | Address | Entity Number | Entity Type | Status | Citizenship |
|---|---|---|---|---|---|---|
| 7-ELEVEN OF GETTYSBURG, INC. | Current Name | 19 N WASHINGTON ST GETTYSBURG Adams PA 17325-0 | 1516007 | PA Close Corporation | Active | Domestic |
| 7-ELEVEN SALES CORPORATION | Current Name | %CORPORATE CREATIONS NETWORK INC. Erie | 825442 | Business Corporation | Active | Foreign |
| 7-ELEVEN STORES | Current Name | 2711 EASTON RD WILLOW GROVE Montgomery PA 19090-0 | 994165 | Fictitious Names | Active | Domestic |
| 7-ELEVEN, INC. | Current Name | %CORPORATE CREATIONS NETWORK INC. Dauphin | 336952 | Business Corporation | Active | Foreign |
| 7-ELEVEN, INC. | Current Name | | 2851179 | Name Registration | Active-Name is Available | Foreign |
| 7-ELEVEN, INC. | Current Name | | 2791755 | Name Registration | Withdrawn - CONSOLIDATED INACTIVE | Foreign |

Showing 1 to 10 of 10 entries

Previous | 1 | Next

**Please click on an entity name or number for viewing details**

<< Back to Search

# EXHIBIT "D"



SALTZ
MONGELUZZI
& BENDESKY P.C.
TRIAL LAWYERS

DELAWARE COUNTY OFFICE
20 WEST THIRD STREET
P.O. BOX 1670
MEDIA, PA 19063
VOICE 610.627.9777
FAX 610.627.9787

ONE LIBERTY PLACE, 52ND FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103
VOICE 215.496.8282
FAX 215.496.0999

NEW JERSEY OFFICE
8000 SAGEMORE DRIVE
SUITE 8303
MARLTON, NJ 08053
VOICE 856.751.8383
FAX 856.751.0868

ROBERT N. BRAKER
DIRECT DIAL (215) 575-2985
RBRAKER@SMBB.COM

MICHAEL A. PILEGGI
DIRECT DIAL (215) 575-3880
MPILEGGI@SMBB.COM

MONTGOMERY COUNTY OFFICE
120 GIBRALTAR RD
SUITE 218
HORSHAM, PA 19044
VOICE 215.496.8282
FAX 215.754.4443

April 11, 2022

**VIA CERTIFIED & REGULAR MAIL**
**RETURN RECEIPT REQUESTED**
**#7018 1130 0000 1878 0289**

7-Eleven, Inc.
3200 Hackberry Road
Irving, TX 75063

      *Re:*    *Sholeka Hill, et al. v. 7-Eleven, Inc., et al.*

Dear Sir or Madam:

    We are hereby serving you with a Civil Action Complaint filed against you in the Court of Common Pleas of Philadelphia County.

                    Very truly yours,

                    SALTZ MONGELUZZI & BENDESKY P.C.

                    BY:    */s/ Michael A. Pileggi*
                          ROBERT N. BRAKER, ESQUIRE
                          MICHAEL A. PILEGGI, ESQUIRE

RNB/MAP/kg
Enclosure



RECEIVED
APR 15 2022
7-ELEVEN, INC.
LAW OFFICES

# EXHIBIT "E"

# Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 220400655 |
| **Case Caption:** | HILL ETAL VS 7-ELEVEN, INC. ETAL |
| **Filing Date:** | Friday , April 08th, 2022 |
| **Location:** | CH - City Hall |
| **Case Type:** | 2S - PREMISES LIABILITY, SLIP/FALL |
| **Status:** | CLWCM - WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case Motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---:|---:|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A320569 | PILEGGI, MICHAEL A |
| **Address:** | 1650 MARKET STREET 52ND FLOOR PHILADELPHIA PA 19103 (215)496-8282 (215)496-0999 - FAX mpileggi@smbb.com | | **Aliases:** | *none* | |
| | | | | | |
| 2 | 1 | | PLAINTIFF | @11376214 | HILL, SHOLEKA |
| **Address:** | 1951 N. CROSKEY STREET PHILADELPHIA PA 19121 | | **Aliases:** | *none* | |
| | | | | | |
| 3 | 1 | | PLAINTIFF | @11376215 | FULKNER, CHARLES |
| **Address:** | 1951 N. CROSKEY | | **Aliases:** | *none* | |

| | | | | | |
|---|---|---|---|---|---|
| | STREET<br>PHILADELPHIA PA 19121 | | | | |
| | | | | | |
| 4 | | | DEFENDANT | @11376216 | 7-ELEVEN INC |
| **Address:** | 3200 HACKBERRY ROAD<br>IRVING TX 75063 | | **Aliases:** | *none* | |
| | | | | | |
| 5 | | | DEFENDANT | @11376217 | 7-ELEVEN |
| **Address:** | 3300 ARAMINGO AVENUE<br><br>PHILADELPHIA PA 19134 | | **Aliases:** | *none* | |
| | | | | | |
| 6 | | | DEFENDANT | @11376218 | DOE (1-2), JOHN |
| **Address:** | N/A<br>N/A PA N/A | | **Aliases:** | *none* | |
| | | | | | |
| 7 | | | TEAM LEADER | J461 | ANDERS, DANIEL J |
| **Address:** | 529 CITY HALL<br>PHILADELPHIA PA 19107 | | **Aliases:** | *none* | |
| | | | | | |
| 8 | | | ATTORNEY FOR DEFENDANT | A208830 | STANKO, ROBERT W |
| **Address:** | 2000 MARKET STREET<br>23RD FLOOR<br>PHILADELPHIA PA 19103<br>(215)575-2807<br>(215)575-0856 - FAX<br>rwstanko@mdwcg.com | | **Aliases:** | *none* | |
| | | | | | |
| 9 | | | ATTORNEY FOR DEFENDANT | A315412 | GOLDSTEIN, ANDREW C |
| **Address:** | MARSHALL DENNEHEY<br>2000 MARKET ST<br>SUITE 2300<br>PHILADELPHIA PA 19103<br>(215)575-2814<br>(215)575-0856 - FAX<br>ACGoldstein@mdwcg.com | | **Aliases:** | *none* | |

**Docket Entries**

|  | | | | |
|---|---|---|---|---|
| | | | ☐ **Check for Threaded Docket** | |
| | | | This feature will reduce the docket | |
| | | | to motion related entries only. | |
| **Filing Date/Time** | **Docket Type** | **Filing Party** | **Disposition Amount** | **Approval/ Entry Date** |
| 08-APR-2022 10:01 AM | ACTIV - ACTIVE CASE | | | 08-APR-2022 11:57 AM |
| **Docket Entry:** | E-Filing Number: 2204016050 | | | |
| | | | | |
| 08-APR-2022 10:01 AM | CIVIJ - COMMENCEMENT CIVIL ACTION JURY | PILEGGI, MICHAEL A | | 08-APR-2022 11:57 AM |
| **Documents:** | Final Cover | | | |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 08-APR-2022 10:01 AM | CMPLC - COMPLAINT FILED NOTICE GIVEN | PILEGGI, MICHAEL A | | 08-APR-2022 11:57 AM |
| **Documents:** | Hill Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 08-APR-2022 10:01 AM | JURYT - JURY TRIAL PERFECTED | PILEGGI, MICHAEL A | | 08-APR-2022 11:57 AM |
| **Docket Entry:** | 12 JURORS REQUESTED. | | | |
| | | | | |
| 08-APR-2022 10:01 AM | CLWCM - WAITING TO LIST CASE MGMT CONF | PILEGGI, MICHAEL A | | 08-APR-2022 11:57 AM |
| **Docket Entry:** | *none.* | | | |
| | | | | |
| 20-APR-2022 02:09 PM | ATSNF - ATTEMPTED SERVICE - NOT FOUND | PILEGGI, MICHAEL A | | 20-APR-2022 02:12 PM |

| | | | | |
|---|---|---|---|---|
| **Documents:** | Hill - Affidavit of Non Service.pdf | | | |
| **Docket Entry:** | 7-ELEVEN NOT FOUND ON 04/13/2022. (FILED ON BEHALF OF CHARLES FULKNER AND SHOLEKA HILL) | | | |
| | | | | |
| 27-APR-2022 11:46 AM | CMREI - PRAECIPE TO REINSTATE CMPLT | PILEGGI, MICHAEL A | | 27-APR-2022 11:47 AM |
| **Documents:** | Praecipe to Reinstate.pdf<br>Complaint.pdf | | | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 REINSTATED. (FILED ON BEHALF OF CHARLES FULKNER AND SHOLEKA HILL) | | | |
| | | | | |
| 03-MAY-2022 10:38 AM | ENAPP - ENTRY OF APPEARANCE | STANKO, ROBERT W | | 03-MAY-2022 10:41 AM |
| **Documents:** | Hill - Entry of Appearance.pdf | | | |
| **Docket Entry:** | ENTRY OF APPEARANCE OF ANDREW C GOLDSTEIN AND ROBERT W STANKO FILED. (FILED ON BEHALF OF 7-ELEVEN AND 7-ELEVEN INC) | | | |